NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 190392-U

NO. 4-19-0392

FILED
November 13, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* C.J., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Sangamon County |
| Petitioner-Appellee, | ) | No. 19JA33 |
| v. | ) | |
| Angelina T., | ) | Honorable |
| Respondent-Appellant). | ) | Karen S. Tharp, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in denying respondent's request for the right to have the minor placed with her upon entry of the dispositional order.

¶ 2    Respondent, Angelina T., is the mother of the minor, C.J., born November 26, 2017. Respondent appeals from the dispositional order entered upon the State's petition for adjudication of neglect and abuse. The dispositional order granted custody and guardianship of the minor to the Illinois Department of Children and Family Services (DCFS). In this appeal, respondent claims the trial court erred when it denied respondent the opportunity to have DCFS place the minor in her care. We affirm.

¶ 3                         I. BACKGROUND

¶ 4    On February 6, 2019, DCFS responded to a women's shelter after a hotline report alleged respondent abused the minor and the abuse was supported by video evidence. DCFS called

the police, who arrested respondent for aggravated battery and domestic battery to a child. DCFS took the minor into protective custody and placed him in relative foster placement.

¶ 5        On February 8, 2019, the State filed a petition for adjudication of neglect and abuse in the interest of C.J. The petition named respondent and the minor's father, who is not a party to this appeal. The petition alleged five grounds of abuse and neglect, including allegations related to (1) domestic violence between the parents, (2) respondent's failure to "make a proper care plan for the minor," (3) physical abuse inflicted upon the minor by respondent, (4) excessive corporal punishment inflicted upon the minor by respondent, and (5) respondent's physical aggression toward the minor.

¶ 6        On March 15, 2019, DCFS prepared an initial case plan with a goal of return home within 12 months. Respondent's plan required that, in order to accomplish reunification with the minor, she must (1) cooperate with DCFS, (2) attend weekly visits with the minor, (3) participate in individual counseling, (4) participate in parenting classes, (5) find and maintain stable employment, (6) maintain safe, clean, and adequate housing, (7) participate in random drug screens, and (8) participate in anger-management services.

¶ 7        On May 22, 2019, the trial court conducted an adjudicatory hearing on the State's petition. At the start of the hearing, the State announced the parties had reached an agreement in which respondent planned to stipulate to the sufficiency of the State's evidence in paragraph five of the petition in exchange for the dismissal of the remaining allegations and the State's promise not to use the stipulation in any criminal proceedings against her.

¶ 8        The State presented the trial court with the factual basis which led to the hotline call. The State reported that on February 6, 2019, DCFS received a hotline report that respondent was captured on surveillance video striking the 18-month-old minor on his shoulder and "jerking

him up by his left arm." Police were called and officers met with respondent. Body camera evidence from one of the officers would be introduced showing respondent admitting to the officer that she hit the minor and picked him up aggressively. The minor was taken to a hospital's emergency room, but no injuries were found.

¶ 9 After determining that the factual basis supported the allegation, the trial court accepted respondent's stipulation and entered an order of adjudication finding the minor neglected on the basis of the minor's injurious environment as evidenced by respondent's physical aggression toward the minor. See 705 ILCS 405/2-3(1)(b) (West 2018). In its written order, the court noted respondent was "on video striking 18-month-old and jerking him aggressively by the arm." The court scheduled the matter for a dispositional hearing.

¶ 10 On June 19, 2019, the trial court entered a written dispositional order. This order indicated the court had conducted a dispositional hearing. However, the record before us does not include a transcript, bystander's report, or other report of proceedings from the hearing. According to the written order, the court found it to be in the minor's best interest that he be made a ward of the court and that respondent was unfit, unable, or unwilling for reasons other than financial circumstances alone to care for the minor. The court further found the "health, safety, and best interest of the minor will be jeopardized if the minor remains in the custody of his parents, guardian or legal custodian." The court placed C.J. in the guardianship and custody of DCFS. The basis for the court's determination was set forth in part as follows: "Mother still has pending criminal charges stemming from incident with this minor. Mother is not opening up in counseling." The court also wrote: "Mr. Liles [(respondent's attorney)] request[s] right to place—Denied at this time."

¶ 11 This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, respondent argues the trial court erred in denying her request that DCFS have the right to place the minor in her care. She claims the court's decision was against the manifest weight of the evidence and an abuse of discretion. She says the "sum total of evidence" presented at the dispositional hearing was "the stipulation entered into by the appellant/mother, and documents indicating the appellant/mother's participation in services filed April 23, 2019." Relying on this "aforementioned evidence," respondent claims the court's denial of the right to place was against the manifest weight of the evidence.

¶ 14        According to the State, a dispositional report dated June 10, 2019, was also presented as evidence at the dispositional hearing. But this report is also not included in the record.

¶ 15        It is the appellant's duty to present a complete record on appeal so the reviewing court can be fully informed regarding the issues in the case. *In re J.S.*, 208 Ill. App. 3d 602, 610 (1990). Without a complete record provided by the appellant, a reviewing court will usually resolve any doubts caused by an incomplete record against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 16        A trial court's dispositional order will not be disturbed unless its findings of fact are against the manifest weight of the evidence or the chosen disposition was an abuse of discretion. *In re B.J.*, 316 Ill. App. 3d 193, 200 (2000). While it is unclear exactly upon what evidence the trial court relied when it denied respondent's request, we can garner enough information from the record before us to determine that the court's decision to deny the request was not in error. Given that the primary concern in juvenile cases is the best interest of the minor, we can determine, even without a record supporting respondent's position, that denying DCFS the right to place C.J. with respondent at the time of the dispositional hearing and under the

circumstances of this case was not error. See 705 ILCS 405/1-2(3)(c) (West 2018) ("The parents' right to the custody of their child shall not prevail when the court determines that it is contrary to the health, safety, and best interests of the child.").

¶ 17 Respondent was recorded on video surveillance striking her toddler and "jerking him aggressively by the arm." Indeed, DCFS has established a goal to reunite respondent and the minor in one year, dependent on the success of the service plan. This service-plan progression will allow respondent time to demonstrate her parental fitness. Until then, respondent remained unfit, faced related criminal charges, was unemployed, and apparently lacked the knowledge and skills for effective parenting. She was not fit to have the minor placed in her care. As such, we find neither an abuse of discretion, nor a decision that was against the manifest weight of the evidence.

¶ 18 III. CONCLUSION

¶ 19 For the foregoing reasons, we affirm the trial court's judgment.

¶ 20 Affirmed.